MORRIS N. COHEN, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted October term, 1930—Decided May 18, 1932.

Before Justices CASE and DONGES.

For the respondent, *Turner & Stalter.*

For the appellant, *Frederic B. Scott.*

PER CURIAM.

This appeal brings up a judgment in favor of the plaintiff in the sum of $250. The suit was brought to recover for

personal injuries sustained by the plaintiff while he was a passenger on a ferry boat of the defendant. The plaintiff boarded a ferry boat of the defendant in Hoboken to go to the Twenty-third street slip in New York City. The boat was manned by a captain-pilot, two deck hands and the engine crew. When the boat reached a point about one hundred and fifty yards from the New York slip the engine failed and the boat began to drift. The tide was going out and the boat was being carried towards the bay and also towards the New York shore. Distress signals were blown. A tug of the New York Central line came to the rescue and threw a line to the bow of the boat but was unable to control it because of the combined weight of the ferry boat and the strong outgoing tide. By that time, however, two of the defendant's tugboats were standing by, and both ferry boat deck hands busied themselves in fastening a hawser from one of those boats. While the defendant's employes were thus engaged at the stern of the ferry boat a steam lighter named "the Kangaroo" approached the bow and, with a call to "grab and make fast," threw a line. The plaintiff, without the request of any of defendant's employes and apparently without their knowledge, attempted to catch the hawser and wind it about a stanchion. In so doing he received the injury sued upon.

The defendant took exception to, and now relies upon as one of the specifications of error, the following portion of the court's charge to the jury:

"The charge in this case from the evidence is that the negligence consisted of apparently not having a sufficient crew to handle the emergency which arose  *   *   *. Should you find from the evidence that there was negligence in that regard, then I say to you again notwithstanding the fact that you so find, you must determine from the evidence whether their negligence in that regard—in other words, in not having a sufficient crew—was the proximate cause of the injury which the plaintiff sustained."

It is said, and we think truly, that this was a direction that the jury might, the other conditions being met, find

from the evidence that the defendant was guilty of negligence in that it had not manned the boat with a sufficient crew. The crew was precisely as it had been for the preceding nine years. It was, at the time of plaintiff's accident, engaged in the act that saved the boat from danger. Neither the Kangaroo nor the plaintiff, notwithstanding good intentions, seems to have contributed anything toward the rescue. No one, except the plaintiff as a result of his own act, was injured. We think that the absence of a member of the crew from the immediate scene of plaintiff's mishap was not evidence that the boat was undermanned. There was no other evidence to support that imputation. We think, therefore, that the charge was erroneous.

Judgment below will be reversed. Costs will abide the final determination.